JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AFAB INDUSTRIAL SERVICES, INC.

**DEFENDANTS**

ENIGMA TECHNOLOGIES, INC. d/b/a WESTERN, et al.

**(b)** County of Residence of First Listed Plaintiff    Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Whatcom County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
M. Kelly Tillery, Esquire, Pepper Hamilton LLP
3000 Two Logan Square., 18th & Arch Streets, Philadelphia PA  19103
(215) 981-4000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question
 *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity
 *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
15 U.S.C. § 1114

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $** Monetary Damages

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
08/17/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __350 Camer Drive, Bensalem, Pennsylvania 19020__

Address of Defendant: __7056 Portal Way, Ferndale, Washington 98248, et al.__

Place of Accident, Incident or Transaction: __Commonwealth of Pennsylvania__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __Trademark__

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __M. Kelly Tillery__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __08/17/2015__ _____ __30380__
Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/17/2015__ _____ __30380__
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| AFAB INDUSTRIAL SERVICES, INC. | : | CIVIL ACTION |
| v. | : | |
| ENIGMA TECHNOLOGIES, INC. d/b/a | : | |
| WESTERN, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                             (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 ( )

| | | |
|---|---|---|
| 08/17/2015 | | Plaintiff, AFAB Industrial Services, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 981-4000 | (215) 981-4750 | tilleryk@pepperlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AFAB INDUSTRIAL SERVICES, INC.,  :
A Pennsylvania Corporation       :
350 Camer Drive                  :
Bensalem, Pennsylvania 19020     :   CIVIL ACTION NO.:
                                 :
                    Plaintiff,   :   Jury Trial Demanded
                                 :
                                 :
          v.                     :
                                 :
                                 :
ENIGMA TECHNOLOGIES, INC. d/b/a  :
"WESTERN,"                       :
A Washington Corporation         :
c/o John Stansfield              :
7056 Portal Way                  :
Ferndale, Washington 98248       :
and                              :
P.O. Box 202                     :
Custer, Washington 98240         :
                                 :
and                              :
                                 :
                                 :
SUPERIOR PRODUCTS OF NEVADA,     :
LTD.,                            :
A Nevada Corporation             :
c/o Jacob Burt & Associates, LLC :
5594 S. Fort Apache Road, Suite 100 :
Las Vegas, Nevada 89148          :
and                              :
c/o Mark Goodman                 :
4724 Mitchell Street, Suite D    :
Las Vegas, Nevada 89081          :
                                 :
and                              :
                                 :
                                 :
PREMIUM PELLET PRODUCTS, LLC,    :
A Nevada Limited Liability Company :
c/o Mark Goodman                 :
4724 Mitchell Street, Suite D or Suite E :
Las Vegas, Nevada 89081          :
and                              :
8139 Villa Duenas Court          :
Las Vegas, Nevada 89131          :
                                 :
and                              :

EUGENE OREGON, INC.,                                       :
a Pennsylvania Corporation                                 :
922 Woodbourne Road, #304                                  :
Levittown, Pennsylvania 19057-1001                         :
and                                                        :
54 Spiny Thorn Road                                        :
Levittown, Pennsylvania 19056                              :
                                                           :
and                                                        :
                                                           :
CLAIRVOYANT SOLUTIONS, LLC,                                :
A Maryland Limited Liability Company                       :
c/o Viviana Tobon                                          :
Incorp Services, Inc.                                      :
1519 York Road                                             :
Lutherville, Maryland 21093                                :
and                                                        :
7300 Hancock Avenue                                        :
Takoma Park, Maryland 20912                                :
                                                           :
and                                                        :
                                                           :
PTGO, INC.,                                                :
An Illinois Corporation                                    :
c/o Louis Perez                                            :
3526 N. Reta Avenue                                        :
Chicago, Illinois 60657                                    :
                                                           :
and                                                        :
                                                           :
JOHN DOE #1 a/k/a "DR. VIG",                               :
40-20 60th Street                                          :
Woodside, New York 11377                                   :
                                                           :
and                                                        :
                                                           :
JOHN DOE #2 a/k/a "MAXIMUM BLACK"                          :
on Amazon.com,                                             :
                                                           :
                                                           :
                        Defendants.                        :

## COMPLAINT

Plaintiff AFAB Industrial Services, Inc. ("AFAB") by and through its undersigned Counsel, brings this Complaint against Enigma Technologies, Inc. d/b/a Western ("Enigma"), Superior Products of Nevada, Ltd. ("Superior"), Premium Pellet Products, LLC ("Premium"), Eugene Oregon, Inc. ("Eugene"), Clairvoyant Solutions, LLC ("Clairvoyant"), PTGO, Inc. ("PTGO"), John Doe #1 a/k/a "Dr. Vig" ("Doe #1") and John Doe #2 a/k/a "Maximum Black" ("Doe #2") (collectively, "Defendants") and in support thereof avers as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Action pursuant to Title 28 U.S.C. §§ 1331 and 1338(a) and under the Lanham Act, Title 15 U.S.C. § 1121.

2.      This Court has personal jurisdiction over Defendants because Defendants are citizens of the Commonwealth of Pennsylvania and/or transact business, contract to supply things, and/or cause harm and tortious injury in the Commonwealth of Pennsylvania. Defendants have purposefully availed themselves of the laws of Pennsylvania and engage in continuous and systematic conduct in Pennsylvania and this judicial district.

3.      Venue is proper in this district under Title 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

4.      AFAB is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 350 Camer Drive. Bensalem, Pennsylvania 19020.

5.      Upon information and belief, Enigma is a corporation organized under the laws of the State of Washington with a principal place of business located at 7056 Portal Way, Ferndale, Washington 98248 and a mailing address of P.O. Box 202, Custer, Washington 98240.

6.     Upon information and belief, Superior is a corporation organized under the laws of the State of Nevada with a principal place of business located at 4724 Mitchell Street, Suite D, Las Vegas, Nevada 89081 and a registered agent address of 5594 S. Fort Apache Road, Suite 100, Las Vegas, Nevada 89148.

7.     Upon information and belief, Premium is a corporation organized under the laws of the State of Nevada with a principal place of business located at 4724 Mitchell Street, Suite D or Suite E, Las Vegas, Nevada 89081 and a mailing address of 8139 Villa Duenas Court Las Vegas, Nevada 89131.

8.     Upon information and belief, Eugene is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 922 Woodbourne Road, #304, Levittown, Pennsylvania 19057-1001 and a mailing address of 54 Spiny Thorn Road, Levittown, Pennsylvania 19056.

9.     Upon information and belief, Clairvoyant is a limited liability company organized under the laws of the State of Maryland with a principal place of business located at 7300 Hancock Avenue, Takoma Park, Maryland 20912 and a registered agent address of 1519 York Road, Lutherville, Maryland 21093.

10.     Upon information and belief, PTGO is a corporation organized under the laws of the State of Illinois with a principal place of business located at 3526 N. Reta Avenue Chicago, Illinois 60657.

11.     Upon information and belief, Doe #1 in an unknown individual who utilizes the username "Dr. Vig" on eBay and resides and/or is conducting business as at 40-20 60th Street, Woodside, New York 11377.

12.     Upon information and belief, Doe #2 is an unknown individual who utilizes the username "Maximum Black" to transact business on Amazon.com.

## FACTS

### Plaintiff's MAXIMUM IMPACT ® Trademark and MAXIMUM IMPACT ® Trade Dress

13.     Plaintiff is a well-known and recognized manufacturer of premium cleaning solvent for use on metallic and glass heads, including on audio, video and data recorders.

14.     Plaintiff is the owner of a number of Federal trademark registrations, including U.S. Trademark Registration No. 4,309,475 for MAXIMUM IMPACT in International Class 3 for a variety of items, including cleaning preparations for audio, video and data recorders (the "MAXIMUM IMPACT® Mark"). Attached as Exhibit "A" is a print-out taken from the U.S. Patent and Trademark Office website of Plaintiff's registration for its MAXIMUM IMPACT® Mark.

15.     The MAXIMUM IMPACT® Mark is a valid, protectable trademark.

16.     Plaintiff has continuously and extensively used, advertised, and promoted the MAXIMUM IMPACT® Mark in commerce throughout the United States in connection with its cleaning solvent since 1989.

17.     As part of its efforts to create goodwill and consumer recognition of its cleaning products, Plaintiff also developed distinctive Trade Dress for use on the packaging of its cleaning solvent bearing the MAXIMUM IMPACT® Mark.

18.     Specifically, Plaintiff promotes and packages its cleaning solvent branded with the MAXIMUM IMPACT® Mark with a distinctive black and silver color scheme, wherein the body of the cleaning solvent bottle is silver and the bottle cap and font of the MAXIMUM

IMPACT® Mark is black with the term MAXIMUM above the term IMPACT centered below and flanked by the two M's of the term MAXIMUM in font twice as large as the other letters of the MAXIMUM IMPACT® Mark ("MAXIMUM IMPACT® Trade Dress"). Attached as Exhibit "B" is a print-out taken from the U.S. Patent and Trademark Office website of the specimen submitted with Plaintiff's application for its MAXIMUM IMPACT® Mark demonstrating the MAXIMUM IMPACT® Trade Dress.

19.     Since 1989, Plaintiff has continuously and extensively used, advertised, and promoted the MAXIMUM IMPACT® Trade Dress in commerce throughout the United States in connection with its cleaning solvent.

20.     The MAXIMUM IMPACT® Mark and MAXIMUM IMPACT® Trade Dress (collectively, MAXIMUM IMPACT® Brand) have been the same and used in connection with the advertising, promotion and sale of Plaintiff's cleaning solvent since 1989.

21.     Representative examples of Plaintiff's use of the MAXIMUM IMPACT® Brand in advertisements and promotional materials are attached hereto as Exhibit "C."[1]

22.     Plaintiff supervises, monitors, and controls the quality of its cleaning solvent products displaying the MAXIMUM IMPACT® Brand to ensure the products are of a consistently high quality.

23.     Plaintiff has expended significant capital and devoted substantial amounts of time and money to the production, marketing, and promotion of its MAXIMUM IMPACT® Brand and its cleaning solvent products.

---

[1] This Exhibit is comprised of copies of Plaintiff's sales flyer from 1992 featuring Plaintiff's MAXIMUM IMPACT® Brand cleaning solvent and print-outs from Plaintiff's website (www.videoheadcleaner.com) from 2000, 2006 and 2010 demonstrating Plaintiff's use of the MAXIMUM IMPACT® Brand on its cleaning solvent over time.

24.     Plaintiff's MAXIMUM IMPACT® Mark and MAXIMUM IMPACT® Trade Dress are valuable assets to Plaintiff.

25.     The MAXIMUM IMPACT® Mark and MAXIMUM IMPACT® Trade Dress are strong marks, which are inherently distinctive.

26.     As a consequence of Plaintiff's continuous and extensive use, advertisement, marketing, and promotion of the MAXIMUM IMPACT® Brand and cleaning solvent bearing the MAXIMUM IMPACT® Brand, the MAXIMUM IMPACT® Mark and MAXIMUM IMPACT® Trade Dress have acquired strong secondary meaning.

27.     Plaintiff has also used, advertised, and promoted the BLACK MAX Trademark in commerce throughout the United States in connection with its cleaning solvent since January 4, 2011.  Attached as Exhibit "D" is a picture of Plaintiff's cleaning solvent branded with the BLACK MAX Trademark.

28.     Upon information and belief, Defendants adopted and began using the infringing MAXIMUM BLACK Trademark ("MAXIMUM BLACK Mark") on their cleaning solvents for use on metallic and glass heads, including on audio, video and data recorders ("Infringing Products") because it is a combination of Plaintiff's <u>MAXIMUM</u> IMPACT® Mark and <u>BLACK</u> MAX Trademark.

### Defendants' Infringement of Plaintiff's MAXIMUM IMPACT ® Mark and MAXIMUM IMPACT ® Trade Dress and Unfair Competition with Plaintiff

29.     Enigma is a manufacturer and/or seller of the Infringing Products

30.     Enigma is using, advertising, promoting, packaging and selling its cleaning solvent branded with the MAXIMUM BLACK Mark in commerce throughout the United States with a black and silver color scheme, wherein the body of the cleaning solvent bottle is silver and the bottle cap and font of the MAXIMUM BLACK Mark is black with the

term MAXIMUM above the term BLACK centered below and flanked by the two M's of the term MAXIMUM in font twice as large as the other letters of the MAXIMUM BLACK Mark ("MAXIMUM BLACK Trade Dress"). Attached as Exhibit "E" is a picture of the infringing cleaning solvent manufactured and/or sold by Enigma branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress.

31.    The Infringing Products bears the ® symbol next to the MAXIMUM BLACK Mark, which is intended to provide notice that the trademark is registered. *See* Exhibit "E."

32.    Upon information and belief, there is no trademark registration for the MAXIMUM BLACK Mark in the United States in the name of Enigma, or any other individual or entity.

33.    Premium and Superior are sellers of the Infringing Products that are, upon information and belief, affiliated companies.

34.    Premium and Superior are using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States.

35.    The sales staff from Superior is also unlawfully using Plaintiff's MAXIMUM IMPACT® Mark in correspondence with customers attempting to buy Plaintiff's cleaning solvent, in order to create actual confusion and sell the Infringing Products to the customer.

36.    Eugene is a seller of the Infringing Products.

37.     Eugene is using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States.

38.     Clairvoyant is a seller of the Infringing Products.

39.     Clairvoyant is using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States.

40.     Clairvoyant is also unlawfully using Plaintiff's MAXIMUM IMPACT® Mark in his/her online sales listings for the Infringing Products, in order to create actual confusion and sell the Infringing Products.

41.     PTGO is a seller of the Infringing Products.

42.     PTGO is using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States.

43.     Doe #1 is an unidentified individual with the eBay username "Dr. Vig" who is a seller of the Infringing Products.

44.     Doe #1 is using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States.  Attached as Exhibit "F" are print-outs from the eBay website demonstrating Doe #1's sales listing for the Infringing Products and other sales listing unlawfully using Plaintiff's MAXIMUM IMPACT® Mark.

45.     Doe #1 is also unlawfully using Plaintiff's MAXIMUM IMPACT® Mark in his/her eBay sales listing for the Infringing Products and other cleaning solvents, in order to

create actual confusion and sell the Infringing Products and other cleaning solvents to the customer. *See* Exhibit "F."

46.    Doe #2 is an unidentified individual with the Amazon username "Maximum Black" who is a seller of the Infringing Products.

47.    Doe #2 is using, advertising, promoting, packaging and selling the Infringing Products branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress in commerce throughout the United States. Attached as Exhibit "G" is a print-out from the Amazon.com website demonstrating Doe #2's sales listing for the Infringing Products.

48.    Doe #2 is unlawfully using Plaintiff's MAXIMUM IMPACT® Mark in his/her Amazon sales listings for the Infringing Products, in order to create actual confusion and sell the Infringing Products to the customer. *See* Exhibit "G."

49.    Upon information and belief, Defendants have sold and continue to offer for sale their cleaning solvents branded with the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress.

50.    The trademark and trade dress used by Defendants on their Infringing Products are virtually identical to, or substantially similar to, the MAXIMUM IMPACT® Brand on Plaintiff's cleaning solvent.

51.    Below is an example of Plaintiff's MAXIMUM IMPACT® Brand packaging on its cleaning solvent and a representative example of Defendants' Infringing Products bearing the MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress, showing the designs on a side-by-side basis:

**Plaintiff's Cleaning Solvent**       **Representative Example of Defendants' Cleaning Solvents**

          

52.     As is evident from the photos above and attached Exhibits, Defendants' use of the MAXIMUM BLACK Mark incorporates the same block, capitalized letter format used by Plaintiff on its cleaning solvent and the letters used are virtually identical in size, spacing, layout, and proportion to one another.

53.     As is evident from the photos above and attached Exhibits, Defendants' use of the MAXIMUM BLACK Trade Dress incorporates the same distinctive black and silver color scheme as the MAXIMUM IMPACT® Trade Dress, wherein the body of the cleaning solvent bottle is silver and the bottle cap and font of the MAXIMUM BLACK Mark is black with the term MAXIMUM above the term BLACK centered below and flanked by the two M's

of the term MAXIMUM in font twice as large as the other letters of the MAXIMUM BLACK Mark.

54.     Defendants' MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress are virtually identical to, or substantially similar to, the MAXIMUM IMPACT® Mark and MAXIMUM IMPACT® Trade Dress.

55.     Defendants' use of the confusingly similar MAXIMUM BLACK Mark and MAXIMUM BLACK Trade Dress and the MAXIMUM IMPACT® Brand, without the consent of the Plaintiff has caused and is likely to continue to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods and constitutes unfair competition with Plaintiff.

56.     The products sold by Plaintiff and Defendants (cleaning solvents) are identical and are, upon information and belief, marketed and advertised through the same or similar channels to identical target consumers.

57.     Defendant's Infringing Products impinge and threaten to destroy the goodwill Plaintiff has built up over a long period of time for the sale of its quality cleaning solvent, as Plaintiff has no way of insuring the quality of the Infringing Products being promoted and sold by Defendants.

58.     Plaintiff and the public will continue to suffer irreparable injury unless the Defendants are restrained from using the MAXIMUM IMPACT® Brand, or any mark confusingly similar thereto, in connection with cleaning products, causing Plaintiff irreparable injury.

59.     If not enjoined by the Court, the Defendants will continue to sell the Infringing Products in commerce, which will be perceived as having emanated from Plaintiff.

60.     Upon information and belief, Defendants have full knowledge of Plaintiff's exclusive and long established proprietary rights in and to the MAXIMUM IMPACT® Brand and the strong secondary meaning which is attached to the MAXIMUM IMPACT® Brand, but have proceeded in complete disregard of Plaintiff's rights.

61.     Plaintiff has no adequate remedy at law.

## COUNT I
## UNAUTHORIZED USE OF FEDERALLY
## REGISTERED TRADEMARKS UNDER 15 U.S.C. § 1114(1) OF THE LANHAM ACT

62.     The allegations contained in the preceding paragraphs are incorporated as though fully set forth herein.

63.     Defendants' use of the MAXIMUM IMPACT® Mark, or a colorable imitation thereof, constitutes the use in commerce of a reproduction, copy, counterfeit, or colorable imitation of registered trademarks, as well as the appropriation of Plaintiff's goodwill and reputation associated with its MAXIMUM IMPACT® Mark, which had caused and is likely to cause confusion or to cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

64.     Defendants' use of the MAXIMUM IMPACT® Mark, or a colorable imitation thereof, on cleaning solvent for audio, video and data recorders is likely to confuse the purchasing public as well as others engaged in business relations with Plaintiff or that Plaintiff has approved or somehow authorized such use by Defendants.

65.     Defendants' use of the MAXIMUM IMPACT® Mark, or a colorable imitation thereof, in the offering and sale of its cleaning solvent injures the reputation, goodwill, and prestige of Plaintiff and impairs the value of the MAXIMUM IMPACT® Mark, which is uniquely associated with Plaintiff's goods, and causes other injury to Plaintiff.  Plaintiff and the

public will suffer irreparable injury unless the Defendants are restrained from using its MAXIMUM IMPACT® Mark, or a colorable imitation thereof.

66.     As a result of the Defendants' actions, Plaintiff has lost, and will lose in the future, sales in an unknown amount.

67.     Upon information and belief, Defendants have intentionally used Plaintiff's MAXIMUM IMPACT® Mark, or a colorable imitation thereof, knowing it is the exclusive property of Plaintiff in connection with the sale, offering for sale and distribution of cleaning solvent.

68.     Upon information and belief, Defendants are engaged in and continue to engage in the aforementioned activities with the intent to confuse and deceive consumers into believing that Defendants and the cleaning solvent products they distribute, offer for sale and sell are in some way sponsored by, affiliated, or associated with Plaintiff, when in fact Defendants are not.

69.     Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case pursuant to 15 U.S.C. § 1117.

70.     Absent an injunction, Plaintiff will suffer significant, and indeed irreparable injury, from the unquantifiable damage to its goodwill and reputation that will result from its competitors' use of a confusingly similar mark on identical goods that are, upon information and belief, promoted to an identical target market through identical channels of trade.

71.     By contrast, Defendants will suffer no hardship if they are merely required to use marks that are not confusingly similar to the MAXIMUM IMPACT® Mark.

72.    The public interest will also be served by ensuring consumers are not confused as to the origin of their cleaning solvent.

73.    Defendants should be restrained and enjoined from manufacturing, offering for sale, selling, distributing, and marketing any cleaning solvent with Plaintiff's MAXIMUM IMPACT® Mark, any colorable imitations thereof, and/or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

74.    In addition, Plaintiff is entitled to the other remedies available to it under the Lanham Act including, but not limited to, compensatory damages, treble damages, statutory damages, disgorgement of profits, and/or costs and attorney's fees.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR**
**COMPETITION UNDER 15 U.S.C. § 1125(A) OF THE LANHAM ACT**

75.    The allegations contained in the preceding paragraphs are incorporated as though fully set forth herein.

76.    At all times relevant to this lawsuit, Plaintiff has sold its cleaning solvent under the MAXIMUM IMPACT® Brand in interstate commerce.

77.    Plaintiff's MAXIMUM IMPACT® Brand is uniquely associated with Plaintiff's cleaning solvent.

78.    Defendants' use of the MAXIMUM IMPACT® Brand, or a colorable imitation thereof, as an identifier of source or origin in the offer and sale of their cleaning solvent wrongly and deceptively confuses the public that their cleaning solvent emanates from Plaintiff, all to the detriment of Plaintiff, and will continue to damage Plaintiff unless enjoined by the Court.

79.     As a result of the Defendants' actions, Plaintiff has lost, and will lose in the future, sales in an unknown amount due to the consumers' erroneous belief that the Defendants' cleaning solvent emanate, in part, from Plaintiff.

80.     Plaintiff has been and will also continue to be injured by the fact that it has no control over the type or quality of the Defendants' cleaning solvent or the promotional advertising activities utilized by the Defendants.

81.     The Defendants' activities injure the reputation, goodwill, and prestige of Plaintiff, impair the value of the Plaintiff's MAXIMUM IMPACT® Brand, which is uniquely associated with the Plaintiff's cleaning solvent, and cause other injury to Plaintiff.

82.     Plaintiff will suffer irreparable injury unless the Defendants are restrained from using the MAXIMUM IMPACT® Brand, any colorable imitations thereof, and/or any other confusingly or deceptively similar marks or names.

83.     Upon information and belief, Defendants' actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high quality reputation of Plaintiff, and to improperly appropriate the valuable trademark rights of Plaintiff, all to the detriment of Plaintiff.

84.     The aforesaid acts of the Defendants constitute false designation of origin and false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

## COUNT III
## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125 OF THE LANHAM ACT

85.     The allegations contained in the preceding paragraphs are incorporated as though fully set forth herein.

86.     Plaintiff owns the MAXIMUM IMPACT® Trade Dress.

87.     Plaintiff's MAXIMUM IMPACT® Trade Dress is a non-functional, distinctive identifier of source and origin for genuine cleaning solvent sold by Plaintiff.

88.     The MAXIMUM IMPACT® Trade Dress is synonymous with Plaintiff's cleaning solvent in the minds of consumers and is inherently distinctive or, in the alternative, has acquired secondary meaning.

89.     Defendants MAXIMUM BLACK Trade Dress is confusingly similar to the MAXIMUM IMPACT® Trade Dress and is used on the same product as Plaintiff (*i.e.* cleaning solvent for audio, video and data recorders).

90.     Through their unauthorized use of trade dress that is virtually identical to Plaintiff's MAXIMUM IMPACT® Trade Dress, Defendants are knowingly and intentionally misrepresenting, falsely designating and passing off to the general public the nature, origin, and source of their cleaning solvent, and intend to misrepresent, falsely designate and pass off to the general public the nature, origin and source of their cleaning solvent, so as to create a likelihood of confusion by the public as to the nature, source and sponsorship of the goods and services.

91.     Defendants' aforementioned acts constitute Trade Dress Infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et. seq.*

92.     As a result of the Defendants' actions, Plaintiff has lost, and will lose in the future, sales in an unknown amount.

93.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm.

94.     Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with its MAXIMUM IMPACT® Trade Dress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter Judgment in its favor on the claims set forth above and award Plaintiff the following relief:

A.     Defendants, including all directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with Defendants, be permanently enjoined from doing, aiding, contributing to, causing, and abetting any of the following:

(1)     directly or indirectly infringing Plaintiff's MAXIMUM IMPACT® Mark and/or MAXIMUM IMPACT® Trade Dress, either through counterfeits or by using any colorable imitations or confusingly similar facsimiles thereof;

(2)     directly or indirectly manufacturing, marketing, promoting, advertising, distributing, offering for sale and/or selling cleaning products marked with or using any infringing counterfeits, copies, or colorable imitations of Plaintiff's MAXIMUM IMPACT® Mark and/or MAXIMUM IMPACT® Trade Dress;

(3)     engaging in any acts or activities, directly or indirectly, calculated to trade upon Plaintiff's MAXIMUM IMPACT® Mark and/or MAXIMUM IMPACT® Trade Dress, or the reputation or goodwill of Plaintiff, or in any manner to compete unfairly with Plaintiff; and

(4)     using on, or in connection with, the manufacture, marketing, promoting, advertising, distribution, offering for sale, and/or sale of any cleaning products, or on or in any packaging, bottles, labels, price tags, tags, display carts, wrappers, promotional

-18-

materials, or advertising material of any nature whatsoever, any infringing counterfeits, copies, or colorable imitations of Plaintiff's MAXIMUM IMPACT® Mark or MAXIMUM IMPACT® Trade Dress, or any other mark or trade dress which otherwise falsely designates or represents or tends falsely to designate or represent that the Defendants or their merchandise is somehow associated with, or approved by, Plaintiff, or that their cleaning products meet the standards of Plaintiff's products.

        B.      Defendants pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of their acts of trademark and trade dress infringement, false designation of origin and unfair competition, and the content, nature, form and extent of such corrective advertising is to be approved by Plaintiff and this Court;

        C.      That, pursuant to 15 U.S.C. § 1118, all unauthorized and infringing products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants and their agents, servants and employees bearing any infringing counterfeits, copies, or colorable imitations of Plaintiff's MAXIMUM IMPACT® Mark or MAXIMUM IMPACT® Trade Dress shall be delivered up and destroyed;

        D.      Defendants be ordered, pursuant to 15 U.S.C. §1116(a), to serve upon the Plaintiff within thirty (30) days after service on Defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

        E.      That an accounting be had of Defendants' sales and profits relating to Defendants' sale of cleaning solvent bearing Plaintiff's MAXIMUM IMPACT® Mark or MAXIMUM IMPACT® Trade Dress, or any infringing counterfeits, copies, or colorable imitations thereof, and that Defendants pay to Plaintiff the following:

(1)     all profits derived by Defendants and damages suffered by Plaintiff resulting from Defendants' use, sales or other exploitation of cleaning solvent branded with any infringing counterfeits, copies, or colorable imitations of Plaintiff's MAXIMUM IMPACT® Mark or MAXIMUM IMPACT® Trade Dress, or any of the other acts complained of hereinabove;

(2)     treble damages sustained by Plaintiff as a direct or indirect result of any of the acts complained of herein; and

(3)     Plaintiff's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117(a) of the Lanham Act.

F.     That Plaintiff be awarded such other and further relief at law or in equity, as this Court may deem just and proper.

Plaintiff demands a Jury on all Counts so triable.

Respectfully,

By: _____

M. Kelly Tillery, Esquire
Megan M. Kearney, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel:  (215) 981-4000
Fax:  (215) 981-4750
tilleryk@pepperlaw.com
kearneym@pepperlaw.com

*Attorneys for Plaintiff,*
Date: <u>August 17, 2015</u>        *AFAB Industrial Services, Inc.*

# EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Aug 13 03:20:58 EDT 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ]  OR  Jump  to record: [        ]  **Record 11 out of 37**

TSDR  ASSIGN Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# MAXIMUM IMPACT

| Word Mark | **MAXIMUM IMPACT** |
|---|---|
| Goods and Services | IC 003. US 001 004 006 050 051 052. G & S: body paint; cleaning preparations for audio, video and data recorders. FIRST USE: 19970716. FIRST USE IN COMMERCE: 19970716 |
| | IC 005. US 018 044 046 051 052. G & S: personal lubricant; herbal dietary supplement. FIRST USE: 19930408. FIRST USE IN COMMERCE: 19930408 |
| | IC 032. US 045 046 048. G & S: non-alcoholic beverages, namely, energy drinks. FIRST USE: 20120228. FIRST USE IN COMMERCE: 20120228 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 85106801 |
| Filing Date | August 13, 2010 |
| Current Basis | 1A |
| Original Filing Basis | 1A;1B |
| Published for Opposition | June 14, 2011 |
| Registration Number | 4309475 |
| Registration Date | March 26, 2013 |
| Owner | (REGISTRANT) AFAB Industrial Services Inc. CORPORATION PENNSYLVANIA 350 Camer Drive Bensalem PENNSYLVANIA 19020 |

**Attorney of Record**   M. Kelly Tillery
**Type of Mark**         TRADEMARK
**Register**             PRINCIPAL
**Live/Dead Indicator**  LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Generated on: This page was generated by TSDR on 2015-08-14 10:12:46 EDT

Mark: MAXIMUM IMPACT

MAXIMUM IMPACT

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85106801 | **Application Filing Date:** | Aug. 13, 2010 |
| **US Registration Number:** | 4309475 | **Registration Date:** | Mar. 26, 2013 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Mar. 26, 2013 | | |
| **Publication Date:** | Jun. 14, 2011 | **Notice of Allowance Date:** | Aug. 09, 2011 |

## Mark Information

**Mark Literal Elements:** MAXIMUM IMPACT

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** body paint, cleaning preparations for audio, video and data recorders

| | | | |
|---|---|---|---|
| **International Class(es):** | 003 - Primary Class | **U.S Class(es):** | 001, 004, 006, 050, 051, 052 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jul. 16, 1997 | **Use in Commerce:** | Jul. 16, 1997 |

**For:** personal lubricant, herbal dietary supplement

| | | | |
|---|---|---|---|
| **International Class(es):** | 005 - Primary Class | **U.S Class(es):** | 006, 018, 044, 046, 051, 052 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Apr. 08, 1993 | **Use in Commerce:** | Apr. 08, 1993 |

**For:** non-alcoholic beverages, namely, energy drinks

| | | | |
|---|---|---|---|
| **International Class(es):** | 032 - Primary Class | **U.S Class(es):** | 045, 046, 048 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Feb. 28, 2012 | **Use in Commerce:** | Feb. 28, 2012 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** AFAB Industrial Services Inc

**Owner Address:** 350 Comer Drive
Bensalem, PENNSYLVANIA 19020
UNITED STATES

| | | |
|---|---|---|
| Legal Entity Type: CORPORATION | State or Country Where Organized: | PENNSYLVANIA |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| Attorney Name: | M. Kelly Tillery |

| | | |
|---|---|---|
| Attorney Primary Email Address: | tilleryk@pepperlaw.com | Attorney Email Authorized: No |

### Correspondent

| | |
|---|---|
| Correspondent Name/Address: | M. KELLY TILLERY<br>PEPPER HAMILTON LLP<br>3000 18TH AND ARCH STS<br>3000 TWO LOGAN SQ<br>PHILADELPHIA, PENNSYLVANIA 19103<br>UNITED STATES |

| | | |
|---|---|---|
| Phone: 215 981 4401 | | Fax: 215 981 4750 |
| Correspondent e-mail: tilleryk@pepperlaw.com | Correspondent e-mail Authorized: | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 26, 2013 | REGISTERED-PRINCIPAL REGISTER | |
| Feb. 20, 2013 | NOTICE OF ACCEPTANCE OF STATEMENT OF USE E-MAILED | |
| Feb. 19, 2013 | LAW OFFICE REGISTRATION REVIEW COMPLETED | 68123 |
| Feb. 14, 2013 | ALLOWED PRINCIPAL REGISTER - SOU ACCEPTED | |
| Feb. 13, 2013 | STATEMENT OF USE PROCESSING COMPLETE | 69302 |
| Feb. 11, 2013 | USE AMENDMENT FILED | 69302 |
| Feb. 11, 2013 | TEAS STATEMENT OF USE RECEIVED | |
| Feb. 12, 2013 | NOTICE OF APPROVAL OF EXTENSION REQUEST E-MAILED | |
| Feb. 11, 2013 | EXTENSION 3 GRANTED | 69302 |
| Feb. 08, 2013 | EXTENSION 3 FILED | 69302 |
| Feb. 08, 2013 | TEAS EXTENSION RECEIVED | |
| Aug. 11, 2012 | NOTICE OF APPROVAL OF EXTENSION REQUEST E-MAILED | |
| Aug. 10, 2012 | EXTENSION 2 GRANTED | 69302 |
| Aug. 09, 2012 | EXTENSION 2 FILED | 69302 |
| Aug. 09, 2012 | TEAS EXTENSION RECEIVED | |
| Mar. 07, 2012 | NOTICE OF APPROVAL OF EXTENSION REQUEST E-MAILED | |
| Mar. 06, 2012 | EXTENSION 1 GRANTED | 69302 |
| Feb. 09, 2012 | EXTENSION 1 FILED | 69302 |
| Mar. 06, 2012 | CASE ASSIGNED TO INTENT TO USE PARALEGAL | 69302 |
| Feb. 09, 2012 | TEAS EXTENSION RECEIVED | |
| Aug. 09, 2011 | NOA E-MAILED - SOU REQUIRED FROM APPLICANT | |
| Jun. 14, 2011 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jun. 14, 2011 | PUBLISHED FOR OPPOSITION | |
| May 12, 2011 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 68123 |
| May 12, 2011 | ASSIGNED TO LIE | 68123 |
| Apr. 27, 2011 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Apr. 26, 2011 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Apr. 26, 2011 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Apr. 26, 2011 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Apr. 26, 2011 | EXAMINERS AMENDMENT -WRITTEN | 78450 |
| Dec. 02, 2010 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |

| Dec. 02, 2010 | NON-FINAL ACTION E-MAILED | 6325 |
| Dec. 02, 2010 | NON-FINAL ACTION WRITTEN | 78450 |
| Dec. 01, 2010 | ASSIGNED TO EXAMINER | 78450 |
| Aug. 18, 2010 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 17, 2010 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

Current Location:  PUBLICATION AND ISSUE SECTION          Date in Location:  Feb. 19, 2013

# EXHIBIT B



# EXHIBIT C





INTERNET ARCHIVE
WayBackMachine
105 captures
3 Jun 00 - 21 Dec 12
http://www.videoheadcleaner.com/    Go
MAY JUN A
◀ **3** ▶
1999 2000 2

# Moonlite Services
## Video Head Cleaner

### Distributor of Premium Quality

# MAXIMUM
# MIMPACTM ™

(video head cleaner) P R O D U C T S (video head cleaner)

To view additional video head cleaner products, **CLICK HERE**

Purchase a quantity of 12 (or more) of any item, and automatically receive
a 20% discount on the purchase price of _that_ item.



| | |
|---|---|
| Maximum Impact<br>Video Head Cleaner - 2 oz.<br>$8.95 each<br><br>[ Add To Shopping Cart ] | |
| Maximum Impact<br>Video Head Cleaner - 4 oz.<br>$12.95 each<br><br>[ Add To Shopping Cart ] | |
| Black-Jac<br>Video Head Cleaner - 4.6 oz.<br>$13.95 each<br><br>[ Add To Shopping Cart ] | |
| Maxell<br>Video Head Cleaner - VHS Tape<br>$19.95 each<br><br>[ Add To Shopping Cart ] | |



Maxell
Audio Cassette Head Cleaner Pack
$18.95 each

Add To Shopping Cart

Sony
Blank VHS Video Tapes - 6 hrs
$14.95 each

Add To Shopping Cart

TDK
Blank Audio Tapes - 1 1/2 hrs - 2-Pack
$17.95 each

Add To Shopping Cart

View Shopping Cart

Ordering information for these video head cleaner products is encrypted using
Secure Socket Layer (SSL) protocol
before being transferred to our SECURE Web Server for processing.

**For your convenience, we gladly accept Visa, MasterCard, or American Express
as payment for your video head cleaner purchase.**



## C O N T A C T   I N F O R M A T I O N



Purchase a quantity of 12 (or more) of any individual item, and automatically receive a 20% discount on the purchase price of that item.

**Jungle Juice Plus**





*The New Generation of Video Head Cleaners!*
Jungle Juice Plus
Video Head Cleaner - 10cc
$9.00 each
(*Cyclic Aliphatic Nitrite*)

Add To Shopping Cart

Maximum Impact
Video Head Cleaner - 2 oz.
$8.95 each

Add To Shopping Cart

Maximum Impact
Video Head Cleaner - 4 oz.
$12.95 each

Add To Shopping Cart





# EXHIBIT D



# EXHIBIT E





# EXHIBIT F



People were also interested in

       

| SuperNail Acetone Polish Remover | SuperNail Acetone Polish Remover | opi polish remover 4 oz | Nail Polish Remover Alcohol Liquid Press | SuperNail Pure Acetone Nail Polish | SuperNail Acetone Polish Remover | SuperNail Orange Scented Nail Polish | SuperNail N/A Nail Polish Remover |
|---|---|---|---|---|---|---|---|
| $7.14 | $7.14 | $4.00 | $4.98 | $4.04 | $5.02 | $4.07 | $5.02 |
| Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now Free shipping |

See what other people are watching 1/4    Feedback on our suggestions

      

| Sally Hansen Salon Gel Polish Ned | Sensational Gel Polish Remover | Sally Hansen Salon gel Polish Remover | NEW Sally Hansen Salon gel Polish | MANICURE CORRECTION PEN | Onyx Nail Polish Remover hit - Nail | 20 LA Fr Nail Poli |
|---|---|---|---|---|---|---|
| $5.69 | $9.49 | $5.69 | $6.89 | $9.95 | $5.99 | $10.95 |
| Buy It Now Free shipping Almost gone | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now Free shipping | Buy It Now | Buy It No Free ship |

Sponsored Links

            

| Electrolux Hose Inlet With Electrical | WD 40 Specialist 11 oz Electrical | Maximum Impact | Formula 420 All Natural Cleaner 16 | Sprayon - S02001 16 oz. Electrical | WD 40 Specialist 11 oz Electrical | R - 7 Professional Ear Cleaner 4oz | Dyson Dyzolv Spot Cleaner |
|---|---|---|---|---|---|---|---|
| $16.99 Free Shipping | $33.49 | $48.00 | $9.95 | $119.39 | $8.99 | $9.00 | $7.22 $12.98 |
| EZVacuum.com | WebstaurantStore | Sheet Music Plus | EZVapes.com | Sears Marketplace | WebstaurantStore | Sears Marketplace | Walmart.com |


Enjoy the Satisfying Crunch OF RICH MESQUITE BBQ

Back to previous page    Return to top

About eBay    Announcements    Community    Security Center    Resolution Center    Seller Information Center    Policies    Affiliates    Help & Contact    Site Map

Copyright © 1995-2015 eBay Inc. All Rights Reserved. User Agreement, Privacy and Cookies



# Pump' D Action

### *Degreaser*

**Questions and answers about this item**

No questions or answers have been posted about this item.

Ask a question

People were also interested in






| Passion Fruit Pizzazz 4 Nz Fun Flv FREE. | Male Enhancers Pump - Longjack with Mac | Male Enhancers Pump - "Unleash Your Beas... | Male Enhancers Pump - "Unleash Your Beas |
| **$9.95** | **$49.95** | **$54.95** | **$28.95** |
| Buy It Now | Buy It Now | Buy It Now | Buy It Now |

Back to search results

More to explore   Electric Face Cleaner,   Ultrasonic Contact Lens Cleaner,   Contact Lens Auto Cleaner

Return to top

About eBay    Announcements    Community    Security Center    Resolution Center    Seller Information Center    Policies    Affiliates    Help & Contact    Site Map

Copyright © 1995-2015 eBay Inc. All Rights Reserved. User Agreement, Privacy and Cookies

# EXHIBIT G

Shop by
**Department**    Your Amazon.com    Today's Deals    Gift Cards    Sell    Help    Hello  Sign in
**Your Account**    Try
**Prime**    Wish
**List**    Cart

All Electronics    Deals    Best Sellers    TV & Video    Audio & Home Theater    Computers    Camera & Photo    Wearable Technology    Car Electronics & GPS

Sponsored by
**Other Brands**    Spudz Ultra Microfiber Cloth - Pouch Flips Clos...
$6.49  > Shop now

Ad feedback

All offers for
## Maximum Impact 3pack (black)
by Maximum Black

Be the first to review this item    Share

Compare:    **Offers for this product**    Offers for this product and similar products

‹ Return to product information    Have one to sell?    Every purchase on Amazon.com is protected by an A-to-z guarantee.    Feedback on
this page? Tell us what you think

All    New from $42.01    Used

Show only:    Free shipping    Sorted by: **Price + Shipping**

| Price + Shipping | Condition (Learn More) | Delivery | Seller Information | Buying Options |
|---|---|---|---|---|
| **$46.50**<br>& FREE Shipping | **New**<br>3 pack | • Ships in 1-2 business days.<br>• Ships from NY, United States.<br>• Domestic shipping rates and return policy. | **DRVIG**<br>94%<br>positive over the past 12 months. (16 total ratings) | Add to cart<br>or<br>Sign in to turn on 1-Click ordering. |
| **$46.50**<br>& FREE Shipping | **New** | • Ships in 1-2 business days.<br>• Ships from NY, United States.<br>• Domestic shipping rates and return policy. | **DRVIG**<br>94%<br>positive over the past 12 months. (16 total ratings) | Add to cart<br>or<br>Sign in to turn on 1-Click ordering. |
| **$42.01**<br>+ $4.49 shipping | **New** | • Ships in 1-2 business days.<br>• Ships from TX, United States.<br>• Expedited shipping available.<br>• Domestic shipping rates and return policy. | **ToGoWarehouse**<br>95%<br>positive over the past 12 months. (554 total ratings) | Add to cart<br>or<br>Sign in to turn on 1-Click ordering. |

## Your Recently Viewed Items and Featured Recommendations

See personalized recommendations

Sign in

New customer? Start here.

Get to Know Us
Careers
Investor Relations
Press Releases
Amazon and Our Planet
Amazon in the Community
Amazon Devices

Make Money with Us
Sell on Amazon
Sell Your Services on Amazon
Sell on Amazon Business
Sell Your Apps on Amazon
Become an Affiliate
Advertise Your Products
Self-Publish with Us

Amazon Payment Products
Amazon.com Rewards Visa Card
Amazon.com Store Card
Amazon.com Corporate Credit Line
Shop with Points
Credit Card Marketplace
Amazon Currency Converter

Let Us Help You
Your Account
Your Orders
Shipping Rates & Policies
Amazon Prime
Returns & Replacements
Manage Your Content and Devices
Help

Become an Amazon Vendor

> See all

## amazon.com

Australia   Brazil   Canada   China   France   Germany   India   Italy   Japan   Mexico   Netherlands   Spain   United Kingdom

| | | | | | |
|---|---|---|---|---|---|
| 6pm<br>Score deals<br>on fashion brands | AbeBooks<br>Rare Books<br>& Textbooks | ACX<br>Audiobook Publishing<br>Made Easy | AfterSchool.com<br>Kids' Sports, Outdoor<br>& Dance Gear | Alexa<br>Actionable Analytics<br>for the Web | Amazon Business<br>Everything For<br>Your Business | AmazonFresh<br>Groceries & More<br>Right To Your Door |
| Amazon Local<br>Great Local Deals<br>in Your City | Amazon Home Services<br>Handpicked Pros<br>Happiness Guarantee | Amazon Web Services<br>Scalable Cloud<br>Computing Services | Audible<br>Download<br>Audio Books | BeautyBar.com<br>Prestige Beauty<br>Delivered | Book Depository<br>Books With Free<br>Delivery Worldwide | Casa.com<br>Kitchen, Storage<br>& Everything Home |
| ComiXology<br>Thousands of<br>Digital Comics | CreateSpace<br>Indie Print Publishing<br>Made Easy | Diapers.com<br>Everything<br>But The Baby | DPReview<br>Digital<br>Photography | East Dane<br>Designer Men's<br>Fashion | Fabric<br>Sewing, Quilting<br>& Knitting | Goodreads<br>Book reviews<br>& recommendations |
| IMDb<br>Movies, TV<br>& Celebrities | Junglee.com<br>Shop Online<br>in India | Kindle Direct Publishing<br>Indie Digital Publishing<br>Made Easy | Look.com<br>Kids' Clothing<br>& Shoes | MYHABIT<br>Private Fashion<br>Designer Sales | Shopbop<br>Designer<br>Fashion Brands | Soap.com<br>Health, Beauty &<br>Home Essentials |
| TenMarks.com<br>Math Activities<br>for Kids & Schools | VineMarket.com<br>Everything<br>to Live Life Green | Wag.com<br>Everything<br>For Your Pet | Warehouse Deals<br>Open-Box<br>Discounts | Woot!<br>Discounts and<br>Shenanigans | Yoyo.com<br>A Happy Place<br>To Shop For Toys | Zappos<br>Shoes &<br>Clothing |

Conditions of Use   Privacy Notice   Interest-Based Ads   © 1996-2015, Amazon.com, Inc. or its affiliates